## THOMAS HIGGINS v. FARMERS STATE BANK OF CLAREMONT.[1]

June 29, 1917.

Nos. 20,370—(172).

**Mortgage — findings not sustained by evidence.**

> In an action to have a conveyance in the form of a warranty deed declared a mortgage, and to recover the difference between the value of the land and the amount owing on the mortgage, the trial court found for the defendant. *Held*, that the findings of the trial court in favor of the defendant were not justified by the evidence.

Action in the district court for Dodge county to have a warranty deed declared a mortgage and to recover $3,722.50. The case was tried before Childress, J., who made findings and dismissed the action. Plaintiff's motion for amended findings was denied. From the judgment of dismissal, entered pursuant to the order for judgment, plaintiff appealed. Reversed and new trial granted.

*S. L. Pierce,* for appellant.

*Oscar C. Ronken,* for respondent.

QUINN, J.

Action to have a conveyance in the form of a warranty deed declared a mortgage, and to recover the difference between the value of the land and the amount owing on the mortgage. On the trial below judgment was ordered for defendant, and, from the judgment entered, plaintiff appealed.

The facts, briefly stated, are as follows: Defendant is a banking corporation doing a general banking business at Claremont, in this state, and during all the time here material W. M. Harmer has been its president and manager. Plaintiff was the owner of the land described in the complaint, and on September 13, 1905, his wife joining, he

[1]Reported in 163 N. W. 522.

executed a mortgage to the Union Central Insurance Company for $1,100 payable in 10 years with interest at the rate of 6 per cent per annum. This mortgage was foreclosed, and on August 27, 1910, a sheriff's certificate of sale issued to the mortgagee, the amount paid being $1,382.17. June 25, 1908, plaintiff was indebted to defendant in the sum of $122.50, for which amount he and his wife gave their note payable in 3 months, with interest at the rate of 10 per cent per annum. September 24, 1908, plaintiff, his wife joining, executed to defendant an instrument in the form of a warranty deed, conveying the premises in question to defendant, subject to the mortgage of $1,100, as security for the indebtedness of $122.50 and interest. January 6, 1910, plaintiff was indebted to defendant in the sum of $1,362.20, for which amount he gave his note, payable December 7, 1910, with interest at the rate of 8 per cent per annum, and at the same time gave to defendant a note for $900 and a chattel mortgage on all of his personal property as collateral security to the indebtedness of $1,362.20. At that time defendant bank entered into the contract for a deed here in question, thereby agreeing to convey to plaintiff the said premises upon the payment to it of the indebtedness therein referred to. Upon the trial the witness Harmer testified that this contract was entered into as additional security to the $1,362.20 note, and for no other purpose. It is manifest that the purpose was something more than to secure the payment of that note. It is stated in the contract, among other provisions, that upon plaintiff's paying to defendant the sum of $2,462.20 (the exact amount of the $1,100 mortgage and the $1,362.20 note) with interest, the defendant would convey the premises in question to plaintiff, and the plaintiff testified that at the time he gave to defendant the note for $1,466.30, payable upon demand, it was the understanding, and the defendant promised and agreed to furnish the money and pay the mortgage indebtedness to the Union Central Insurance Company for him. In this plaintiff is corroborated by the fact that the defendant charged him, at the time of procuring the assignment of the sheriff's certificate, the expense of telegraphing therefor.

Plaintiff was unable to meet the payments upon the indebtedness referred to, and on August 25, 1911, at the suggestion of defendant, he held a public sale of his personal property, Harmer acting as clerk

thereat. The sales totaled $2,081.50. Plaintiff bid in property to the amount of $797, leaving actual sales to the amount of $1,284.50, of which $1,113.42 was applied upon the $1,362.20 indebtedness, leaving a balance of $427.68, including interest. On the following day, August 26, defendant procured an assignment of the sheriff's certificate of sale, paying therefor the sum of $1,465.10. December 16, 1911, defendant sold and conveyed the premises in question to one T. S. Slingerland, receiving therefor the sum of $4,000, its admitted value. At the time of this sale, there was unpaid upon the indebtedness mentioned in the contract for deed, $1,930.32, or $2,069.68 less than the amount for which the premises were sold. No notice has ever been served nor steps taken to foreclose or terminate the contract, as therein provided or as required by the statute.

We have examined and considered the testimony in this case with care, and are of the opinion that the judgment appealed from, insofar as it is inconsistent herewith, is not sustained by the evidence and that there should be a new trial. The judgment appealed from is reversed and a new trial granted.